**In re Joseph Clifton GAINEY, Jr., Debtor.**

**Bankruptcy No. 81–00572–MN.**

United States Bankruptcy Court, E. D. Virginia, Newport News Division.

Feb. 10, 1982.

---

**398**

Richard W. Hudgins, Hudgins & Neale, Newport News, Va., for debtor.

E. Ralph James, James, Richardson, James, Sawyer & Quinn, Hampton, Va., for First Peninsula Bank & Trust Co.

### MEMORANDUM ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

The debtor, Joseph Clifton Gainey, Jr., seeks confirmation of his Chapter 13 plan. While no written objection was filed, none is required. Counsel for the First Peninsula Bank & Trust Co. appeared and argued that confirmation was not proper.

Gainey, you see, filed a Chapter 7 [straight] bankruptcy petition on July 22, 1981, and was even granted his discharge on October 30th. The bank, as a mortgage holder on the debtor's home, was active in that case since Gainey was several months in arrears in his mortgage payments. During the pendency of that case, the bank filed a complaint for relief from stay on August 26th so that it might pursue its rights under the contract. This was settled and dismissed by an order of October 30th wherein Gainey agreed to certain terms to cure the situation.

He did not abide by these.

Indeed, on November 23, 1981, he filed this Chapter 13 petition bringing the automatic stay provisions of 11 U.S.C. § 362 into play once more.

The Court understands that a debtor has "one[-time] absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case." 11 U.S.C. § 706(a), Legislative History. However, the Court may not confirm a Chapter 13 plan unless it finds, among other criteria,

that it was proposed in good faith. 11 U.S.C. 1325(a)(3).

Clearly, the debtor is attempting to put off the creditor and is using bankruptcy law in an effort to do so. He is far behind in both his first and second mortgages. This is abuse of process. It is not good faith. He has received his Chapter 7 discharge and made peace with the bank upon terms to which he agreed. He has paid nothing. He cannot expect to enjoy the property carte blanche.

It is ORDERED that confirmation of the Chapter 13 plan be, and it hereby is, denied, with prejudice.